IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In Re:<br>**TEMANI ME'CHELLE ADAMS,**<br>  Debtor<br><br>**WELLS FARGO BANK, N.A., D/B/A**<br>**WELLS FARGO AUTO,**<br>  Movant<br>vs.<br><br>**TEMANI ME'CHELLE ADAMS, Debtor**<br>and **ANNE ELIZABETH BURNS, Trustee,**<br><br>  Respondents | §§§§§§§§§§§§§§§§§ | Case No.  25-31979-SGJ7<br><br>Chapter  7<br><br>HEARING DATE: October 9, 2025<br><br>HEARING TIME: 1:30 PM |

## MOTION FOR RELIEF FROM AUTOMATIC STAY REGARDING PERSONAL PROPERTY

**(re: 2022 LUCID AIR VIN No. 50EA1GBA1NA003633)**

**NOTICE: PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL BUILD, U.S. COURTHOUSE, 1100 COMMERCE STREET, 14TH FLOOR, COURTROOM 1, DALLAS, TX 75242 BEFORE CLOSE OF BUSINESS ON SEPTEMBER 24, 2025WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW Wells Fargo Bank, N.A., d/b/a Wells Fargo Auto, its successors and/or assigns ("Movant"), a secured creditor, to file this *Motion for Relief from Automatic Stay of Act Against Personal Property* ("Motion") regarding a 2022 LUCID AIR, VIN No.

50EA1GBA1NA003633 (the "Vehicle") financed by Temani Adams ("Debtor"), and in support thereof Movant would show the Court as follows:

### Jurisdiction

1. On May 30, 2025, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Anne Elizabeth Burns is the Chapter 7 Trustee.

2. This Court has jurisdiction of this Motion by virtue of 11 U.S.C. § 105, 361, 362, 1301 and 28 U.S.C. § 1334 and 157 and all other applicable rules and statutes affecting the jurisdiction of Bankruptcy Courts generally.

### Debt and Collateral Description

3. On June 3, 2023, Debtor entered into a Motor Vehicle Retail Installment Sale Contract – Simple Finance Charge (the "Contract") with Glenn Polk Chevrolet of Sanger ("Seller") for the purchase of the Vehicle. A copy of the Contract is attached as **Exhibit A** to the Affidavit in Support of Motion for Relief from Automatic Stay Regarding Personal Property ("Affidavit") and incorporated herein by reference.

4. The original amount financed under the Contract was $100,142.70. Debtor agreed to repay the $100,142.70 at 8.94% interest per annum for seventy-five (75) consecutive monthly payments in the amount of $1,754.00 each, commencing July 18, 2023. *See* **Exhibit A** to Affidavit. Subsequently, Seller assigned and transferred its interest in the Contract to Movant. *See id.*

5. Pursuant to the Contract, Debtor executed a Motor Vehicle Retail Installment Sale Contract – Simple Finance Charge granting Movant a security interest in the Vehicle. *See* **Exhibit A** to Affidavit. Movant perfected its security interest in the Vehicle as evidenced by a Texas Certificate of Title on record with the State of Texas. A copy of the Texas Certificate of Title is attached hereto as **Exhibit B** to the Affidavit and incorporated herein by reference.

6. Debtor is in default of the obligations owed to Movant by failing to make the installment payments when due and owing pursuant to the terms of the Contract.

7. As of August 19, 2025, the payment arrearages owed under the Contract are as follows:

| | | DESCRIPTION | AMOUNT | TOTAL |
|---|---|---|---|---|
| 1 | Payment | 5/18/2025 - 5/18/2025 | $1,726.00 | $1,726.00 |
| 3 | Payments | 6/18/2025 - 8/18/2025 | $1,754.00 | $5,262.00 |
| | | | *Less Suspense*: | ($0.00) |
| | | **Total Payment Arrearages as of August 19, 2025** | | **$6,988.00** |

An additional payment will come due on September 18, 2025, and on the 18th day of each month thereafter until the Contract is paid in full.

8. As of August 19, 2025, the approximate payoff amount of the Loan was $80,447.93. This sum includes principal balance, accrued interest, accrued late charges and escrow advances but does not include attorneys' fees incurred in connection with this bankruptcy case.

9. Pursuant to the Debtor's Statement of Intent, the Debtor intends to surrender the property.

10. The sums set forth in this motion may not include any late charges, advances, attorneys' fees, costs, and/or other fees and charges that might otherwise be included in the event that a payoff and/or reinstatement quote is requested or provided.

**Lack of Adequate Protection**

11. By failing to make the regular monthly installment payments due pursuant to the Contract, Debtor have not adequately protected Movant's interest in the Vehicle. Based upon the foregoing, cause exists for the Court to terminate the automatic stay pursuant to 11 U.S.C. § 362(d).

12. Cause exists for the Court to terminate the automatic stay pursuant to 11 U.S.C. § 362(d) based on the lack of equity in the Vehicle. Movant is informed and believes, based on the J.D. Power/NADA Guide ("J.D. Power/NADA Guide") that the clean retail value of the Vehicle is

approximately $59,825.00, as of August 19, 2025. A copy of the J.D. Power/NADA Guide valuation is attached hereto as **Exhibit 1** and incorporated herein by reference.

13. As of August 19, 2025, the approximate payoff/ amount owed by Debtor was $80,447.93. There is little to no equity in the Vehicle.

14. Movant demands proof and maintenance of full coverage insurance on the Vehicle including Movant as the loss payee and acceptable to Movant. If the Vehicle is uninsured, the lack of insurance constitutes cause for terminating the automatic stay.

15. Movant has no remedy available other than to seek relief from the automatic stay.

16. Movant seeks relief for the purpose of exercising its remedies available under state law, including repossession of the Vehicle and, in exercising those rights. Movant may contact the Debtor by telephone or by written correspondence. Movant may at its option offer, provide and enter into a refinance agreement or other loan workout agreement.

17. Movant has had to retain counsel to represent it before this Court and is incurring legal expenses and attorneys' fees for which it is entitled to be reimbursed under the terms of the Contract.

18. Movant requests that any order granting a motion for relief from the automatic stay in accordance with Rule 4001(a)(4) not be stayed until the expiration of fourteen (14) days after the entry of the order.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Movant prays that, upon considering this Motion, the automatic stay will be terminated as to Debtor with respect to Movant's interest in the Vehicle, thereby permitting Movant to pursue all available remedies to obtain possession and control of the Vehicle to the exclusion of the Debtor. Alternatively, Movant prays that it be afforded adequate protection by: (1) having all payments presently due in this proceeding to Movant brought current; (2) providing Movant proof of current insurance for the Vehicle; and (3) granting such other and further relief, at law and in equity, as is just.

Respectfully Submitted,

**ALDRIDGE PITE, LLP**

By: ___*Anthony Schroeder*___
Anthony Schroeder, SBOT 24106407
**ATTORNEY FOR MOVANT**
**ALDRIDGE PITE, LLP**
101 East Park Blvd, Suite 600
Plano TX 75074
Telephone: (713) 293-3610
Facsimile: (858) 412-2792
Email: aschroeder@aldridgepite.com

*<u>Mailing Address</u>*
3333 Camino del Rio South, Suite 225
San Diego, CA 92108

# CERTIFICATE OF CONFERENCE AND
# CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2025, at 12:48 p.m., I emailed Debtor's attorney regarding the filing of this Motion and the basis of said Motion. Debtor's counsel responded that the Debtor is unopposed to the filing of this Motion. I hereby certify that I caused a copy of the foregoing *Motion for Relief from Automatic Stay of Act Regarding Personal Property and Affidavit in Support of Motion for Relief from Automatic Stay of Act Regarding Personal Property* to be served upon the following parties via electronic means through the Court's CM/ECF system or by pre-paid regular first class U.S. Mail on September 10, 2025.

By: /s/ Anthony Schroeder
ANTHONY SCHROEDER

**DEBTOR'S ATTORNEY**
**(via electronic notice)**
Tiffany L. Pratt
Pratt & Thomas, PLLC
Attorneys & Counselors at Law
2201 Main Street, Suite 1016
Dallas, TX 75201
tpratt@prattandthomas.com

**DEBTOR(S)**
**(via U.S. Mail)**
Temani Me'Chelle Adams
3824 Cedar Springs Rd # 179
Dallas, TX 75219-4136

**TRUSTEE**
**(via electronic notice)**
Anne Elizabeth Burns
900 Jackson Street, Suite 570
Dallas, TX 75202
trusteeburns@chfirm.com

**U. S. TRUSTEE**
**(via electronic notice)**
U.S. Trustee
1100 Commerce Street  Room 976
Dallas, TX 75202
ustpregion06.da.ecf@usdoj.gov

**PARTIES REQUESTING NOTICE**
**(via electronic notice if so designated for receipt of such in CM/ECF)**

Anthony Reed
The Reed Law Group, PLLC.
3245 W. Main St, Ste 235-346
Frisco, TX 75034
areed@thereedlawfirm.com